**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE BRIDGETTE, | ) Case No. CV 19-9514-SJO (JPR) |
| Petitioner, | ) |
| v. | ) ORDER SUMMARILY DISMISSING ) PETITION FOR WRIT OF HABEAS ) CORPUS AND ADMINISTRATIVELY |
| R.C. JOHNSON, Warden, | ) CLOSING CASE ) |
| Respondent. | ) |

On November 5, 2019, Petitioner filed a Petition for Writ of Habeas Corpus, challenging his 1989 convictions in Los Angeles County Superior Court for murder. (See Pet. at 2.) This is not Petitioner's first federal habeas petition, however, or even his second. On June 10, 1999, the then-assigned District Judge denied on the merits Petitioner's first habeas petition, in case number CV 95-4413-WDK (RNB). Since then the Court has summarily denied half a dozen petitions Petitioner has filed seeking various types of relief but all arguing that his convictions must be overturned.

The Antiterrorism and Effective Death Penalty Act provides:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented

1

in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

    The Petition is successive within the meaning of § 2244(b) because it challenges the same convictions as the earlier petitions, including the one denied in 1999. Under § 2244(b), then, Petitioner was required to secure an order from the Ninth

Circuit authorizing its filing before he filed it.  See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).  A review of the Ninth Circuit's docket indicates that he has not obtained such an order; the last time he requested one was in 2012, and it was denied.  See Bridgette v. McEwen, No. 12-72908 (9th Cir. Oct. 19, 2012).

Petitioner asserts that his claims "relate back . . . to the original federal habeas corpus petition . . . and [are] therefor[e] not governed by" AEDPA.  (Pet. at 12.)  But § 2244(b) expressly contemplates that claims might relate back — indeed, they might be identical — and nonetheless applies.  Petitioner cannot escape AEDPA's application.  The Petition is therefore SUMMARILY DISMISSED without prejudice to its refiling should he obtain the necessary permission from the Ninth Circuit; the Clerk is directed to administratively close this case.[1]  See R. 4, Rs. Governing § 2254 Petitions in U.S. Dist. Cts. ("If it plainly appears . . . that the petitioner is not entitled to relief . . . the judge must dismiss the petition . . . .").

DATED: November 19, 2019

_____
S. JAMES OTERO
U.S. DISTRICT JUDGE

Presented by:

_____
JEAN ROSENBLUTH
U.S. Magistrate Judge

---

[1] Ninth Circuit Rule 22-3(a) authorizes a judge to "refer" a habeas petition to the Ninth Circuit when it was "mistakenly" filed in district court, but nothing about Petitioner's latest Petition indicates that he intended to file it in the Ninth Circuit.  Accordingly, the Court declines to refer or transfer the Petition to the Ninth Circuit.

3